Parmjeet Kaur REEHAL; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 09–70363.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 16, 2011.

Parmjeet Kaur Reehal, New Hyde Park, NY, pro se.

Manvir Reehal, New Hyde Park, NY, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Liza Murcia, OIL, Margaret Kuehne Taylor, Anthony Cardozo Payne, Senior Litigation Counsel, Jennifer Paisner Williams, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Parmjeet Kaur Reehal and her son, natives and citizens of India, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Reehal's motion to reopen because it considered the record and acted within its broad discretion in determining the evidence was insufficient to warrant reopening given the immigration judge's underlying adverse credibility determination. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Toufighi*, 538 F.3d at 996–97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We lack jurisdiction to review Reehal's challenge to the IJ's underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 995.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).